# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KENDAL MOSES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV412-088 |
| ANN MCNELLIS ELMORE, MR. GRANT, JEFFREY OLIVER, SHIRITA SOMNER, and DANIEL M. KING, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Kendal Moses' 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28

U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Moses, like many recent detainees at the Chatham County Detention Center, attacks what he characterizes as a bad faith prosecution. (Doc. 1 at 1.) But his complaint lacks clarity. He states that he was convicted in 2003 but then was incarcerated again in 2009, apparently on a parole violation. (*Id.* at 9.) Further, at the time he filed the complaint he was facing prosecution for aggravated assault in the Chatham County Superior Court. Chatham County Superior Court Electronic Docket, *available at* http://www.chathamcourts.org/CaseDetails.aspx?caseno=CR091387 (last visited June 7, 2012). He claims, without factual support, that the defendants conspired to violate his constitutional rights by subjecting him to a bad-faith, malicious, and

vindictive prosecution. (*Id.* at 10-11.) It is unclear, however, whether he is attacking the parole revocation or his current charges. (Doc. 1 at 9 (defendants violated his rights "by pressing charges against the petitioner, that they know cannot form the basis for a proper conviction.").) The Court need not seek clarification of the matter, as his complaint fails under either scenario.

First, his conspiracy allegations are utterly unsupported. He has not offered any facts showing any sort of agreement between the defendants to deny him his civil rights, so this claim fails outright. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient."). Moreover, he names prosecutors as defendants. They enjoy immunity from damages when performing their function as an advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Mastroianni v. Bowers*, 173 F.3d

1363, 1366 (11th Cir. 1999); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). Hence, any damages claim against them fails.

Next, to the extent that plaintiff seeks to to enjoin an ongoing criminal case, the Court should abstain. *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." ) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This Court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Here, Moses has

not come close to showing bad faith. His showing is deficient in that regard since he has not offered any *proof* of bad faith or harassment.[1]

To the extent that Moses is attacking a past conviction, he fails to state a claim for relief. An element of the tort of malicious prosecution is the termination of the criminal proceedings in plaintiff's favor. *Wallace v. Kato*, 549 U.S. 384, 392 (2007), *quoting Heck v. Humphrey*, 512 U.S. 477, 484 (1994). That is, "a § 1983 action seeking damages for unconstitutional conviction or confinement [pursuant to legal process] cannot be pursued unless the underlying criminal case has been dismissed or reversed in favor of the criminal defendant." *Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010) (emphasis added). Plaintiff has not yet shown that the proceedings have terminated in his favor. Hence, his claim has yet to accrue and is thus not cognizable under § 1983. *Id.* at 710 n.1 (distinguishing false arrest or imprisonment claims); *see Heck*, 512 U.S. at 486-87; *Rogers v. Adams*, 103 F. App'x 63,

---

[1] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

64 (8th Cir. 2004) (applying *Heck*); *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (same).

Any claim for false imprisonment or arrest would also fail, since the events transpired more than two years prior to filing suit. (Doc. 1 at 7 (complaining of actions in 2009 and earlier).) The statute of limitations clock ticks for false arrest and false imprisonment claims "where the arrest is followed by criminal proceedings, [and] begins when the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 389. Hence, such claims are barred because they were filed outside of the two-year limitations period applicable to § 1983 actions brought in Georgia. *E.g., Mullinax v. McElhenney*, 817 F.2d 711, 715 16 n.2 (11th Cir. 1987); *Walker v. United States*, 196 F. App'x 774, 776 (11th Cir. 2006) (same); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Dismissal is thus warranted on these grounds, too. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Finally, to the extent Moses seeks immediate release from confinement, he is in substance bringing a habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies.[2] If he wishes to proceed with such a claim, he should file a habeas petition, but he is advised that such a petition would

---

[2] Moses cannot credibly claim that meaningful judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [plaintiff's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

likely be subject to immediate dismissal for lack of exhaustion or successiveness.

Accordingly, plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, Moses must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $24.50. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $24.50 from Moses' account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future

deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this <u>2nd</u> day of July, 2012.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
